**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

RUDDY LOPEZ MARTE,                                   **22-cv-04137**

              Plaintiff,                          **COMPLAINT**

    -against-

THE INTERNATIONAL DELIGHT CAFE
INC. and ANTONIA ROLLANDI,

              Defendants.
----------------------------------------------------------X

Plaintiff, RUDDY LOPEZ MARTE ("Plaintiff"), as and for his Complaint against Defendants, THE INTERNATIONAL DELIGHT CAFE INC. ("International Delight") and ANTONIA ROLLANDI ("Rollandi") (collectively, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1.    Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 146 of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to his employment with Defendants.

2.    Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.    The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4.    Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff is an adult male who resides in the State of New York.

6.      Upon information and belief, Rollandi is an adult female who resides in the State of New York.

7.      Upon information and belief, International Delight is a domestic business corporation duly organized and existing under the laws of the State of New York.

8.      Upon information and belief, International Delight maintains a principal place of business located at 322 Bedford Avenue, Bellmore, New York 11710.

## FACTS

9.      International Delight owns and operates a restaurant store known as the International Delight Cafe.

10.     Plaintiff is a former employee of International Delight.

11.     Upon information and belief, International Delight maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

12.     Upon information and belief, at all relevant times, Rollandi was an owner, officer, director, shareholder, and/or managing agent of International Delight.

13.     Upon information and belief, at all relevant times, Rollandi was the President of International Delight.

14.     Upon information and belief, at all relevant times, Rollandi was the Chief Operating Office of International Delight.

15.     Upon information and belief, at all relevant times, Rollandi participated in running the daily operations of International Delight.

16.     At all relevant times, Rollandi participated in the management and supervision of Plaintiff and his work for International Delight.

17.     Upon information and belief, at all relevant times, Rollandi exercised operational control over International Delight, controlled significant business functions of International Delight, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of International Delight in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

18.     As such, Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

19.     Defendants employed Plaintiff from in or about January 2004 until on or about March 20, 2022.

20.     Defendants employed Plaintiff as a cook for their benefit and at their direction.

21.     Plaintiff's primary job duties included prepping and cooking food.

22.     From on or about July 14, 2016 until on or about March 14, 2020, Plaintiff generally worked six (6) days per week as follows: Monday from about 10:30 a.m. until about 5:00 p.m., Wednesday from about 10:30 a.m. until about 9:00 p.m., Thursday from about 10:30 a.m. until about 5:00 p.m., Friday from about 10:30 a.m. until about 9:00 p.m., Saturday from about 10:30 a.m. until about 9:00 p.m., and Sunday from about 10:30 a.m. until about 8:00 p.m.

23.     During this time, Plaintiff typically worked about fifty-four (54) hours a week.

24.     From on or about March 15, 2020 until on or about March 6, 2021, Plaintiff did not typically worked in excess of forty (40) hours a week.

25.     From on or about March 7, 2021 until on or about March 20, 2022, Plaintiff generally worked six (6) days per week as follows: Monday, Tuesday, and Wednesday from about

2:00 p.m. until about 10:00 p.m., Friday from about 1:00 p.m. until about 10:00 p.m., Saturday from about 11:00 a.m. until about 10:00 p.m., and Sunday from about 10:00 a.m. until about 4:00 p.m.

26.     During this time, Plaintiff typically worked about fifty (50) hours a week.

27.     Defendants paid Plaintiff an hourly rate of pay.

28.     Defendants paid Plaintiff straight-time only.

29.     Defendants did not pay Plaintiff overtime compensation for all hours worked in excess of forty (40) per week at a rate of one-and-one-half times his regular rate of pay.

30.     Defendants did not pay Plaintiff spread of hours compensation at a rate of one additional hour of pay at the statutory minimum wage rate for each day that his spread of hours exceeded ten (10).

31.     Defendants failed to provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

32.     Rollandi participated in the decision to hire Plaintiff.

33.     Rollandi participated in deciding the job duties that Plaintiff performed.

34.     Rollandi participated in the supervision of Plaintiff's job duties and responsibilities.

35.     Rollandi participated in setting Plaintiff's work schedules.

36.     Rollandi participated in deciding the hours that Plaintiff worked.

37.     Rollandi participated in deciding the manner in which Plaintiff was paid.

38.     Rollandi participated in deciding the compensation Plaintiff was paid.

39.     Rollandi participated in running the day-to-day operations of International Delight during Plaintiff's employment.

40.    Defendants managed Plaintiff's employment, including the amount of time he worked each week.

41.    Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

42.    Defendants were aware of Plaintiff's work hours but failed to pay him the proper wages to which he was entitled under the law.

43.    Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *ET SEQ.*
### FAILURE TO COMPENSATE FOR OVERTIME

44.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

45.    The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

46.    Defendants were and are subject to the overtime pay requirements of the FLSA because International Delight was an enterprise engaged in commerce or in the production of goods for commerce during the relevant years of Plaintiff's employment.

47.    At all times relevant to this Complaint, International Delight had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff

who worked as a cook and handled goods, food items, and equipment that originated outside of the State of New York.

48.     Upon information and belief, the gross annual volume of sales made or business done by International Delight for each applicable year was not less than $500,000.00.

49.     At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

50.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

51.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

52.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

53.     However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

54.     Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

55.     Defendants did not act in good faith with respect to the conduct alleged herein.

56.     As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLE 6 AND 19
### FAILURE TO COMPENSATE FOR OVERTIME

57.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

58.     At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59.     At all times relevant to this Action, Defendants were "employers" of Plaintiff within the meaning of the NYLL and the supporting Regulations pertaining thereto.

60.     At all times relevant to this Action, International Delight owned and operated the International Delight Cafe, which is a restaurant as defined by the regulations pertaining to the NYLL.

61.     At all times relevant to this Action, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

62.     At all times relevant to this Action, Plaintiff was an "employee" in the hospitality industry as defined by the regulations pertaining to the NYLL.

63.     At all times relevant to this Action, Defendants employed Plaintiff by suffering or permitting him to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

64.     The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiff.

65.     Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

66.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

67.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

68.     Plaintiff was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of his employment, because he did not meet the requirements for any of the exemptions available under New York law.

69.     Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

70.     Defendants did not act in good faith with respect to the conduct alleged herein.

71.     As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS COMPENSATION**

72.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

73.     In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Plaintiff an additional hour of pay at the statutory minimum wage rate when the spread of hours between the beginning and end of Plaintiff's workday exceeded ten (10) hours.

74.    Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

75.    As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

76.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

77.    Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

78.    Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

79.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, THE NHG LAW GROUP, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly,

adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.  Declare and find that Defendants committed one or more of the following acts:

    1.  Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

    2.  Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation and spread of hours pay;

    3.  Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage statements;

B.  Award compensatory damages, including all wages owed, in an amount according to proof;

C.  Award liquidated damages under the NYLL, or alternatively the FLSA;

D.  Award statutory damages under the NYLL;

E.  Award interest on all NYLL wages due accruing from the date such amounts were due;

F.  Award all costs and attorneys' fees incurred in prosecuting this action; and

G.  Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
      July 14, 2022

THE NHG LAW GROUP, P.C.

By: Keith E. Williams, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com